FILED

**NOT FOR PUBLICATION**

FEB 11 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUSLAN DOVGANYUK; OKSANA SHVED, | No. 05-74789 |
| Petitioners, | Agency Nos. A079-393-618 |
| v. | A079-393-619 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 1, 2010
Pasadena, California

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

Ruslan Dovganyuk and his wife Oksana Shved, natives of the Soviet Union

and citizens of Ukraine, seek review of the Board of Immigration Appeals'

("BIA") decision that adopted the Immigration Judge's ("IJ") denial of their

applications for asylum, withholding of removal and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Convention Against Torture ("CAT"). The decision was grounded upon an adverse credibility finding.

The adverse credibility finding was supported by substantial evidence. Following a lengthy recess of the petitioner's hearing, he attempted to buttress his claim of political persecution by asserting that he had written poems criticizing the government for a political newspaper. The newspaper communications were not, however, mentioned in his original affidavit accompanying his request for asylum, nor were they mentioned in a second affidavit filed sometime later. This inconsistency is sufficient to support the IJ's adverse credibility finding. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004).

Petitioner asks us to consider psychological evidence explaining his memory loss and contends it constitutes evidence to explain his confusion. We can assume that the petitioner's mental confusion has an understandable medical basis, but to prevail, he must establish that there is some compelling basis in the record on which to find that he suffered from persecution on account of his political opinion. Given the adverse credibility finding, which we must uphold, there is no such basis.

There is similarly no basis on which to conclude that it is more likely than not that petitioners will be tortured if they are returned to Ukraine.

2

The petition for review is **DENIED**.